Eastern District of Kentucky
**FILED**
OCT 27 2008
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 2: 08-57-DCR |
| ) | |
| V. ) | |
| ) | |
| AMINE KHADIRI, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of two in limine motions. First, Defendant Amine Khadiri seeks to prevent the United States from offering evidence concerning his: (i) prior convictions, (ii) involvement, participation or association with other crimes, wrongs, and bad acts; and (iii) failure to register with the National Security Entry-Exit Registration System ("NSEERS"). [*See* Record No. 18.] Second, the United States seeks to prevent the Defendant from offering evidence that a work visa was issued in his favor on or about October 9, 2008. [*See* Record No. 22.]

Having considered the parties' positions with respect to these motions, the Court is of the opinion that the United States should prevail as to each.

I.  **ANALYSIS**

Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to a district court's inherent authority to manage the course of trials. *Luce v. United States*, 469 U.S. 38, 41 (1984). A party can request the court make an in

-1-

limine ruling on evidentiary matters; however, this is within the court's discretion and there is no right to an in limine ruling. *Huddleston v. United States*, 485 U.S. 681, 688–89 (1988). Therefore, the court can decline to rule in limine and wait to make a ruling at the time the evidence is offered.

A ruling on a motion in limine is nothing more than a preliminary, or advisory, opinion, which allows the parties' to better formulate their trial strategy. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). The court is not bound by its in limine ruling, and can change its ruling during trial where sufficient facts have developed to warrant the change. *Id. But also see Luce*, 469 U.S. at 41–42 (noting that "*even if nothing unexpected happens at trial*, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling") (emphasis added).

### A.     The Defendant's Motion in Limine

Defendant Khadiri seeks an in limine ruling to exclude a broad range of possible evidence, including evidence of prior juvenile or adult convictions, evidence of the Defendant's involvement, participation, or association with any other crimes, acts, or wrongs, and evidence related to whether the Defendant registered with NSEERS. [Record. No. 18, p. 1] Based on the government's filings, the specific items of evidence include: (1) three additional I-9 forms; (2) an I-485 Permanent Residence Status application; (3) a Kentucky Driver's License application; and (4) evidence related to whether the Defendant registered with NSEERS. [Record No. 21] The relevant rules of evidence are 402, 403, and 404(b).

As an initial matter, the Court notes the obvious: only relevant evidence is admissible. FED. R. EVID. 402. Evidence is relevant if it makes a fact that is of consequence more or less probable than it would be without the evidence. FED. R. EVID. 401; *United States v. Lawson*, 535 F.3d 434 (6th Cir. 2008). However, mere relevancy does not require admission. Relevant evidence may be inadmissible if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

Federal Rule of Evidence 404(b) is a purpose-driven rule of admissibility. Evidence of other crimes, wrongs, or prior bad acts is not admissible if its purpose is to prove the character of the Defendant in order to show that he or she acted in conformity therewith. However, the evidence may be admissible if offered for other purposes including, but not limited to, proving absence of a mistake or knowledge. *Id.* This Circuit has outlined a three-step analysis for determining the admissibility of evidence under 404(b). *United States v. Bell*, 516 F.3d 432, 441 (6th Cir. 2008). First, the district court must make a preliminary determination regarding whether there is sufficient evidence that the "other acts" took place. *Id.* Second, the district court must determine whether those "other acts" are admissible for a proper purpose under Rule 404(b). *Id.* Finally, the district court must determine whether the "other acts" evidence is more prejudicial than probative. *Id.*

### 1. The Three I-9 Forms

The Defendant asserts that the United States may seek to admit three I-9 forms signed by him and which allegedly contain the same false attestation as the I-9 form in question in this

case. This evidence is relevant because it makes it more probable that the Defendant was not mistaken when filling out the I-9 form at issue. The government must prove knowledge, and part of the element of knowledge is that the person acted in absence of mistake. *See United States v. Johnson*, 116 F.3d 163, 166 (6th Cir. 1997). The probative value of these I-9 forms outweighs any potential prejudicial effect, and it is unlikely they will create needless confusion or undue delay.

The three I-9 forms are also admissible under a 404(b) analysis. Only the second prong of that analysis is questioned here. This prong is satisfied because the evidence sought to be offered by the United States is relevant to proving absence of mistake (*i.e.*, that the Defendant knowingly made the false attestation). Proof that an act was not a mistake is a permissible purposes for admission of evidence under 404(b). Accordingly, the Court will deny the Defendant's motion that the I-9 forms should be excluded on relevancy and 404(b) grounds.

### 2. The I-485 Permanent Residence Status Application

The Defendant believes that the United States will also seek to admit an I-485 Permanent Residence Status application signed by him and which indicates that he is a B-2 visa holder. Again, this evidence is relevant because it makes it more probable that the Defendant knew he was neither a U.S. citizen nor national. As the United States points out in its brief filed in opposition to the Defendant's motion, it is unclear whether the government must prove that Khadiri knew the attestation was false, but allowing the admission of this evidence is relevant to that element if it is necessary. [Record No. 18, p. 6].

Additionally, admission of the I-485 form is unlikely to create undue prejudice, confusion or delay. Again, only the second prong of the 404(b) analysis is disputed. The second prong is satisfied, because the evidence is relevant to whether the Defendant knew he was not a U.S. citizen or national. Proof of knowledge is a permissible purposes for admission under 404(b). Accordingly, the Court will deny the Defendant's motion that the I-485 form should be excluded on relevancy and 404(b) grounds.

### 3.     The Kentucky Driver's License Application

The United States may also seeks to admit a Kentucky Driver's License application signed by Khadiri which allegedly contains the same false attestation that appears on the I-9 form in issue in issue. This evidence is relevant because it makes it more probable that the Defendant was not mistaken when filling-out the I-9 form. (This evidence is admissible for the same reason the three I-9 forms are admissible.) Accordingly, the Court will deny the Defendant's motion that the Kentucky Driver's License application should be excluded on relevancy and 404(b) grounds.

### 4.     Evidence related to NSEERS

NSEERS is a system created after the terrorist attacks on September 11, 2001, which requires federal registration by certain individuals of Middle Eastern origin. Khadiri is a Moroccan national who was required to register with NSEERS. [Record No. 24, p. 2] He seeks to exclude any reference to NSEERS and to the fact that he failed to register. Khadiri asserts that such evidence would be irrelevant or, alternatively, that it would be substantially more prejudicial than probative. [Record No. 18, p. 4] However, the government contends that the

fact the Defendant failed to register with NSEERS is relevant because it was his failure to register that brought him to ICE's attention and ultimately led to the investigation leading to the present case. [Record No. 24, p. 5]

This Circuit has held that "intrinsic evidence" is not "other acts" evidence for the purposes of 4040(b). *United States v. Gonzalez*, 501 F.3d 630, 639 (6th Cir. 2007). Intrinsic evidence includes evidence that forms an integral part of a witness' testimony or completes the story of the charged offense. *Id.* Evidence regarding the Defendant's failure to register with NSEERS falls within this Circuit's definition of intrinsic evidence and, therefore, is not subject to the limitations of 404(b). Thus, the only inquiry necessary is whether the evidence is admissible under Rules 402 and 403.

As an initial matter, the Court believes evidence concerning Khadiri's failure to register is relevant because it helps to explain the reason for the investigation. Having considered this matter in the context in which the United States has indicated it will be offered at trial, the Court agrees with its assertion that the omission of the evidence in issue would leave a chronological void in the proof. Further, in light of the fact that the United States has indicated that it does not intend to offer this evidence in the context of "terrorism" or against the backdrop of the terrorist attacks on September 11, 2001, the Court does not believe that it would be unduly prejudicial.

As indicated above, if the United States alters the context in which the evidence is offered, this analysis may change. However, at this time, the Court will deny the Defendant's motion to exclude this evidence.

### B. The United States' Motion in Limine

The United States' motion in limine argues that evidence relating to the fact the Defendant received a work visa on or about October 9, 2008 is irrelevant and should be excluded under Rule 402. Evidence relating to the fact the Defendant received a work visa over four months after filling-out the I-9 form in question in this case is wholly irrelevant. The government's issuance of this visa does not make any fact in issue more or less probable. Accordingly, the Court will grant the United States' motion that evidence related to the work visa should be excluded on relevancy grounds.

### II. CONCLUSION

For the reasons outlined above, it is hereby **ORDERED** as follows:

1. The Defendant's motion in limine [Record No. 18] is **DENIED**; and

2. The United States' motion in limine [Record No. 22] is **GRANTED**.

This 27th day of October, 2008.



**Signed By:**

**_Danny C. Reeves_** DCR

**United States District Judge**